UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **BILL COBB,**<br><br>    Plaintiff,<br><br>v.<br><br>**WIDAMAN COMMUNICATIONS, INC.**<br>**d/b/a Metro Voice News,**<br><br>Serve at:<br>    Reg. Agt. David A. Vorbeck<br>    688 SE Bayberry Ln, Ste 105<br>    Lee's Summit, MO 64063<br><br>and<br><br>**ANITA WIDAMAN,**<br><br>Serve at:<br>    26501 E. 159th St.<br>    Pleasant Hill, MO 64080<br><br>and<br><br>**DWIGHT WIDAMAN,**<br><br>Serve at:<br>    26501 E. 159th St.<br>    Pleasant Hill, MO 64080<br><br>    Defendants. | Case No. 4:24-cv-463<br><br>**JURY TRIAL DEMANDED** |

<u>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**</u>
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Bill Cobb ("Cobb"), by and through his undersigned counsel, and hereby states for his Complaint against defendants Widaman Communications, Inc., d/b/a Metro Voice News ("Metro Voice"), Anita Widaman ("Ms. Widaman") and Dwight Widaman

("Mr. Widaman," and collectively referred to herein with Metro Voice and Ms. Widaman as "Defendants") as follows:

## SUMMARY OF THE ACTION AND PARTIES

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Plaintiff is a full-time, self-employed professional photographer who resides in Kansas City, Kansas.

3. Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts the architecture of a neighborhood in Lee's Summit, Missouri. Plaintiff's portfolio was a decade in the making.

4. To create the Work, Plaintiff used professional-grade photography equipment that he purchased for thousands of dollars.

5. To create the Work, Plaintiff invested many hours of his professional time.

6. Plaintiff is well-paid for the Work.

7. Upon information and belief, Defendant Widaman Communications, Inc. is a domestic limited liability media company with its principal place of business in Missouri.

8. Upon information and belief, Defendants Ms. and Mr. Widaman reside or can be found in Cass County, Missouri.

9. At all times relevant, Defendants Ms. and Mr. Widaman owned, controlled, and/or operated Widaman Communications, Inc., a media business, located in Lee's Summit, Missouri with its location at 688 SE Bayberry Ln, Ste 105, Lee's Summit, MO 64063, within this district. Defendants Ms. and Mr. Widaman personally directed and/or approved of the use of the subject copyright-protected image on Defendants' website, "www.metrovoicenews.com."

10. Upon information and belief, Defendants directly profited from their use of Plaintiff's Work.

11. Upon information and belief, Defendants copied Plaintiff's copyrighted Work from the internet in order to nationally advertise, market and promote their media business.

12. Defendants took Plaintiff's copyrighted Work without a proper license in order to nationally advertise, market and promote its media business publicly.

13. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

14. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

15. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

16. Defendants are subject to personal jurisdiction in Missouri because Defendants took and used Plaintiff's Work depicting the Lee's Summit area to reach out to customers specifically in Missouri in order to promote Defendants' business in Missouri.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in the Kansas City area, Missouri, in this District. Upon information and belief, Defendants engaged in infringement in this District, and Defendants are subject to personal jurisdiction in this District.

## THE COPYRIGHTED WORK AT ISSUE

18. In or about 2018, Plaintiff created a photograph entitled "kansascity_076_1362", which is shown below and referred to throughout as the "Work."



19. Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

20. ImageRights helped Plaintiff to register the Work with the Register of Copyrights on August 26, 2016 and Plaintiff's Work was assigned the registration number "VA 2-015-857." The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

21. The Work is a photograph of a neighborhood in Lee's Summit, Missouri. To create the Work, Plaintiff took a series of photographs, and digitally edited and retouched lighting and effects in the photo to create the final copyrighted image.

22. The Work was the result of many photographs that Plaintiff sorted through and edited over several days to get the handful of images that were truly perfect, which were the photographs that Plaintiff selected for copyright protection.

23. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

24. Defendants have never been licensed to use the Work at issue in this action for any purpose.

25. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

26. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

27. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

28. Specifically, Defendants placed the Work on "www.metrovoicenews.com" (the "Website"), a website that Defendants owned, controlled, and operated.

29. Defendants used the Work to promote their business to advertisers.

30. Defendants' display of the Work was repeated and continuous.

31. Defendants displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 2** and **Exhibit 3** from Defendant's Website.

32. In April 2023, ImageRights noticed that Defendants appeared to be using the Work on Defendants' Website and made Plaintiff aware of Defendants' potentially unauthorized use of the Work.

33. Defendant's display of the Work is captured on their website in the following screenshot:



34. Plaintiff carefully reviewed the screenshot and determined that this was his Work and that Defendant did not have any license or permission to use the Work, as they had not paid him for the use of his Work.

35. Defendants copied and distributed Cobb's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and promoting Defendants' news service.

36. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

37. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

38. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

39. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

40. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

**PLAINTIFF'S EFFORTS TO RESOLVE PRE-SUIT AND DEFENDANTS' RESPONSE**

41. Plaintiff notified Defendants in writing of the allegations set forth herein on April 3, 2023 and asked Defendants to pay for or license the Work. Defendants never responded.

42. Defendants have not removed the image from their website and have refused to make a meaningful settlement offer for their use of the Work.

43. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

44. Defendants have refused to make any meaningful attempt to settle this matter with Plaintiff.

45. Plaintiff had no option but to engage the undersigned attorney and has agreed to pay him a reasonable fee.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

46. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

47. Plaintiff owns a valid copyright in the Work at issue in this case.

48. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

49. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

50. Defendants performed the acts alleged in the course and scope of its business activities.

51. Plaintiff has been damaged.

52. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Bill Cobb prays for judgment against Defendants such that:

    a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

    c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

    d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 101
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*